**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4560**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHAD DEWAYNE BARTLEY,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, Chief District Judge. (1:15-cr-00015-MR-WCM-1)

———————

Submitted: June 25, 2024                            Decided: June 27, 2024

———————

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

**ON BRIEF:** John G. Baker, Federal Public Defender, Charlotte, North Carolina, Melissa S. Baldwin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Asheville, North Carolina, for Appellant. Dena J. King, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2009, Chad Dewayne Bartley pleaded guilty to possession with intent to distribute oxycodone (Count 1) and possession of a firearm in relation to a drug trafficking crime (Count 4). The district court sentenced him to 78 months' imprisonment, plus concurrent supervision terms of three years (for Count 1) and five years (for Count 4). Just over three years after Bartley's release from prison, the probation officer filed a revocation petition alleging that Bartley had committed several new crimes while on supervised release. The district court revoked Bartley's supervised release and sentenced him to 24 months' imprisonment as to Count 1 and 60 months' imprisonment as to Count 4.

Bartley now appeals his revocation sentence, asserting that the district court relied too heavily on the seriousness of his new criminal conduct. He also claims that the court lacked jurisdiction to impose the 24-month prison term. For the reasons that follow, we affirm in part, vacate in part, and remand.

"[A] district court may not impose a revocation sentence based predominately on the seriousness of the releasee's violation . . . ." *United States v. Webb*, 738 F.3d 638, 642 (4th Cir. 2013). However, the court may consider, "to a limited degree, the seriousness of the underlying violation," as long as the sentence "sanction[s] primarily the defendant's breach of [the court's] trust." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b), p.s. (2023); *accord Webb*, 738 F.3d at 641. Because Bartley did not contest the court's sentencing explanation below, we review only for plain error. *Webb*, 738 F.3d at 640.

2

Here, while the district court alluded to the severity of Bartley's new criminal conduct, the court did so in connection with its discussion of the egregious breach of trust occasioned by Bartley's violations. We therefore discern no plain error.

Finally, Bartley argues—and the Government concedes—that the 24-month revocation sentence must be vacated because Count 1's term of supervised release had expired at the time the revocation petition was filed. We agree.

Accordingly, we affirm the revocation judgment as to Count 4, vacate the revocation judgment as to Count 1, and remand so that the district court may enter an amended revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

3